UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CINQUETTA M. FRAZIER,

Plaintiff,

-against-

SOUTH SHORE UNIVERSITY HOSPITAL (NORTHWELL HEALTH); HOSPITAL ADMINISTRATORS (JOHN/JANE DOES); MEDICAL STAFF (JOHN/JANE DOES); NEW YORK STATE DIVISION OF HUMAN RIGHTS; DHR INVESTIGATORS (JOHN/JANE DOES),

Defendants.

26-CV-5829 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who provides an address for herself in Macon, Georgia, brings this *pro se* action under the Americans with Disabilities Act; 42 U.S.C. §§ 1983, 1985, and 1986; and the Emergency Medical Treatment and Labor Act, 42 U.S.C. § 1395dd. She alleges that Defendants violated her rights at South Shore University Hospital in Bay Shore, Suffolk County, New York, and in subsequent administrative proceedings before the New York State Division of Human Rights. Named as Defendants are: (1) South Shore University Hospital; (2) Hospital Administrators (John/Jane Does); (3) Medical Staff (John/Jane Does); (4) the New York State Division of Human Rights; and (5) DHR Investigators (John/Jane Does). She also filed a motion to vacate a decision of the New York State Division of Human Rights. (ECF No. 3.)

For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

The Court cannot conclude whether venue is proper in this District under Section 1391(b)(1) because Plaintiff does not plead the residence of any defendant. Because it is unknown where Defendants reside, it is unclear whether venue is proper under Section 1391(b)(1) in either this District or Eastern District of New York. Even if the Court did assume that Defendants reside in this district, and that venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred primarily in the South Shore University Hospital in Bay Shore, New York, which is located in Suffolk County, venue also would be proper in the Eastern District of New York under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Suffolk County, where Plaintiff received the medical treatment that is the subject of this action, and where it is reasonable to expect that all relevant documents and witnesses also would be found. The Eastern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Similarly, whether Plaintiff's motion to vacate should be granted is also a determination to be made by the transferee court.

A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 16, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge